**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

KENNETH F. DAVIS                                                                                    PLAINTIFF
ADC #127248

V.                                              NO: 5:08CV00016 SWW/HDY

GAYLON LAY *et al.*                                                                              DEFENDANTS

**FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the Cummins Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #3) pursuant to 42 U.S.C. § 1983, on January 25, 2008. Plaintiff has named as Defendants Cummins Warden Gaylon Lay, ADC Hearing Officer Lorie Taylor, ADC Administrative Hearing Officer James Gibson, ADC Director Larry Norris, and ADC Assistant Director Ray Hobbs.

### I. Screening

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure

to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). When making this determination, the Court must accept the factual allegations in the complaint as true, and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). Finally, a plaintiff's complaint still must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Analysis

According to Plaintiff's complaint, he was fighting with his cellmate, K. Speed, on or about October 5, 2007, when he was written a disciplinary charge by officer L. Gates, who alleged that Plaintiff violated a number of prison rules. While Plaintiff's name was at the top of the disciplinary charge form, at the end of the narrative describing the incident, Gates wrote that he was charging inmate Speed with the violations, and did not mention that Plaintiff was being charged. At the disciplinary hearing, Taylor determined that Gates meant to put Plaintiff's name at the bottom of the form, and proceeded to sentence Plaintiff to punitive isolation, with a loss of class. Plaintiff's appeals were fruitless.

According to Plaintiff, ADC policy requires disciplinary charges to be "written properly," and to not be "written over." Plaintiff seeks monetary damages for each day he spent in punitive isolation.

Because Plaintiff has failed to state a claim upon which relief may be granted, his complaint

should be dismissed. At most, Plaintiff's complaint alleges that Defendants violated prison policy by changing a disciplinary violation form, or at least allowing it to be changed. Plaintiff does not even allege that he was falsely charged with fighting, but only that there was a clerical error in the manner in which the disciplinary violation form was completed.[1] However, a violation of prison policy is not actionable. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy). Thus, Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this __30__ day of January, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] In fact, Plaintiff admits in his complaint that he was fighting.